

FILED
11/30/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID DURAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 20-2548 (UNA) |
| ) | |
| v. ) | |
| ) | |
| U.S. CONGRESS *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter, brought *pro se* by a Texas state prisoner, is before the Court on initial review of plaintiff's complaint and motion to proceed *in forma pauperis*. For the following reasons, the *in forma pauperis* motion will be granted and this case will be dismissed.

A district court must immediately dismiss a prisoner's complaint upon determining that it, among other enumerated grounds, fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. Plaintiff purports to sue the United States Congress and presumably the Texas Legislature under 42 U.S.C. § 1983, alleging "that U.S. Congress acted under color of state law to deprive final convicted felons of right or privilege . . . to vote for a President of United States in November 2020." Compl. at 4. He requests the right to vote in the 2020 presidential election "by proxy." *Id*.

Mootness aside, the U.S. Supreme Court has "held that a state has the power to disenfranchise persons convicted of a felony" without running afoul of the Fourteenth Amendment, *Shepherd v. Trevino*, 575 F.2d 1110, 1112 (5th Cir. 1978) (citing *In Richardson v. Ramirez*, 418 U.S. 24 (1974)), and the "Texas Constitution disenfranchises all persons convicted

1

of a felony 'subject to such exceptions as the Legislature may make,' " *id*. at 1111 (quoting Vernon's Ann.Tex.Const. art. VI, s 1).  Specifically the "Texas system of disenfranchising and reenfranchising convicted felons gives the state courts the power to set aside [ ] convictions and to restore the civil rights of successful state probationers."  *Id*. at 1115; *see Jones v. Governor of Fla*., 950 F.3d 795, 823–24 (11th Cir. 2020) (explaining that Texas law creates "a mechanism whereby persons convicted of a felony in Texas courts could, after the satisfactory fulfillment of and expiration of probation, return to the court of conviction and invoke the court's discretionary authority to set aside the conviction and re-enfranchise the offender").  Because Plaintiff remains incarcerated, he cannot plausibly state a claim to relief.  Consequently, this case will be dismissed with prejudice.  *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (other citation omitted)).  A separate order accompanies this Memorandum Opinion.

                                                                                /s/
                                                KETANJI BROWN JACKSON
Date: November 30, 2020                       United States District Judge